1

2

3

4

5

6

7

8                                      NOT FOR CITATION

9                      IN THE UNITED STATES DISTRICT COURT

10                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   AARON JAMES PIERCE,                )          No. C 03-4934 JF (PR)
                                        )
13                  Plaintiff,          )          ORDER OF DISMISSAL WITH
                                        )          LEAVE TO AMEND
14       v.                             )
                                        )
15                                      )
     JEANNE S. WOODFORD, et al.,        )
16                                      )
                    Defendants.         )
17   _____)

18

19          Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

20   Plaintiff has been granted leave to proceed in forma pauperis.  The Court initially dismissed the

21   complaint with leave to amend.  Thereafter, Plaintiff filed an amended complaint.  Plaintiff has

22   filed numerous notices and documents with the Court concerning his claims.  As stated in the

23   Court's previous order, any documentation that Plaintiff wishes the Court to consider regarding

24   his claims must be filed in Plaintiff's amended complaint.

25          The Court has transferred Plaintiff's claims concerning his medical care and treatment

26   and alleged assaults at High Desert State Prison and Mule Creek State Prison to the Eastern

27   District of California in a separate written order.  The Court now reviews the amended complaint

28   as to Plaintiff's claim concerning his medical care and treatment at the Correctional Training

1  Facility in Soledad, California pursuant to 28 U.S.C. § 1915.   The Court will dismiss the

2  amended complaint with leave to amend as set forth below.

3                                               **BACKGROUND**

4         Plaintiff states that while he was housed at the Correctional Training Facility ("CTF") he

5  was injured at his prison job as a Dorm Porter while lifting lockers with cleaning supplies.

6  Plaintiff developed a hernia and CTF doctors allegedly refused to operate on Plaintiff because the

7  waiting list was long.   Plaintiff alleges that he filed a CDC 602 Appeal before he was released

8  from custody on March 12, 2002.   Thereafter, Plaintiff returned to CTF in November 2002 to

9  serve a new prison term.   Plaintiff was seen by a CTF Doctor and told that he would receive the

10 hernia operation he needed.   The CTF classification committee referred Plaintiff to a second

11 Doctor, who cleared Plaintiff for fire camp at the CCC/Susanville facility.    Plaintiff was then

12 transferred to Susanville to participate in fire camp.   Amended Complaint at 3; Plaintiff's

13 Attached Declaration at 1.

14                                                **DISCUSSION**

15 A.      Standard of Review

16        Federal courts must engage in a preliminary screening of cases in which prisoners seek

17 redress from a governmental entity or officer or employee of a governmental entity.   28 U.S.C. §

18 1915A(a).   In its review the court must identify any cognizable claims, and dismiss any claims

19 that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

20 monetary relief from a defendant who is immune from such relief.   Id. at 1915A(b)(1),(2).   Pro se

21 pleadings must be liberally construed.   Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th

22 Cir. 1990).   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting

23 under the color of state law committed a violation of a right secured by the Constitution or laws

24 of the United States.   West v. Atkins, 487 U.S. 42, 48 (1988).

25        Liability may be imposed on an individual defendant under section 1983 if the plaintiff

26 can show that the defendant proximately caused the deprivation of a federally protected right.

27 Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121,

28 1125 (9th Cir. 1981).   A person deprives another of a constitutional right within the meaning of

1    section 1983 if he does an affirmative act, participates in another's affirmative act or omits to

2    perform an act which he is legally required to do, that causes the deprivation of which the

3    plaintiff complains.  See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th

4    Cir. 1995).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth

5    specific facts as to each individual defendant's" deprivation of protected rights.  Leer, 844 F.2d at

6    634.

7    B.    Plaintiff's Claim

8         **1.    Medical Treatment**

9         Plaintiff alleges that CTF prison officials failed to provide adequate medical care and

10   treatment for his hernia condition.  Amended Compl. at 3; Plaintiff's Attached Decl. at 1.

11   Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription

12   against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v.

13   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies,

14   Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769,

15   771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of

16   two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

17   response to that need.  McGuckin, 974 F.2d at 1059.

18        A "serious" medical need exists if the failure to treat a prisoner's condition could result in

19   further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle v.

20   Gamble, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would

21   find important and worthy of comment or treatment; the presence of a medical condition that

22   significantly affects an individual's daily activities; or the existence of chronic and substantial

23   pain are examples of indications that a prisoner has a "serious" need for medical treatment.  Id. at

24   1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

25        A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

26   risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

27   Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

28   facts from which the inference could be drawn that a substantial risk of serious harm exists," but

1    he "must also draw the inference." Id. If a prison official should have been aware of the risk, but

2    was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.

3    Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

4         In order for deliberate indifference to be established, therefore, there must be a purposeful

5    act or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at

6    1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). A

7    finding that the defendant's activities resulted in "substantial" harm to the prisoner is not

8    necessary, however. Neither a finding that a defendant's actions are egregious nor that they

9    resulted in significant injury to a prisoner is required to establish a violation of the prisoner's

10   federal constitutional rights. McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v. McMillian,

11   503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that Constitution is

12   violated "whether or not significant injury is evident")).

13        The Court concludes that Plaintiff fails to allege any connection between the Defendants

14   Jim Hamlet, CTF Warden and Jeanne Woodford, Director of the California Department of

15   Corrections to his medical claim. Plaintiff is cautioned that there is no respondeat superior

16   liability under Section 1983, i.e. no liability under the theory that one is responsible for the

17   actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of

18   personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A

19   supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the

20   constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful

21   conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446

22   (9th Cir. 1991) (en banc) (citation omitted).

23        Here, Plaintiff's complaint does not identify the specific individuals that he claims caused

24   a constitutional injury and the manner in which they did so. Plaintiff must allege facts supporting

25   his claim against each individual Defendant separately in his second amended complaint showing

26   his entitlement to relief from each Defendant. Plaintiff should list the constitutional right he has,

27   describe what each Defendant did or failed to do, and describe how each Defendant's acts or

28   omissions caused him injury.

1   He should not refer to the Defendants as a group, i.e., "the Defendants;" rather, he should

2   identify each involved Defendant by name and link each of them to a specific claim by

3   explaining what each Defendant did or failed to do that caused a violation of his constitutional

4   rights.

5          Plaintiff will be given leave to amend the amended complaint to cure these deficiencies.

6   Accordingly, the Court grants Plaintiff leave to file a second amended complaint **within thirty**

7   **(30) days** of the date this order is filed concerning his medical care and treatment at the

8   Correctional Training Facility in Soledad, California to include sufficient facts to support his

9   claim against each Defendant and the alleged constitutional violation he suffered.

10                                      **CONCLUSION**

11         1.     Plaintiff's amended complaint is DISMISSED in part with leave to amend

12  as to Plaintiff's claims concerning his medical care and treatment at the Correctional Training

13  Facility in Soledad, California. **Within thirty (30) days** from the date this order is filed,

14  Plaintiff shall file a second amended complaint.  The second amended complaint must include

15  the caption and civil case number used in this order (03-4934 JF (PR)) and the words "SECOND

16  AMENDED COMPLAINT" on the first page.  Because an amended complaint completely

17  replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.

18  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992).

19  Plaintiff may not incorporate material from the original complaint, such as supporting

20  documentation of the prison appeal process, by reference.  Plaintiff must include all of his claims

21  and name all Defendants in the amended complaint.  **Failure to file a second amended**

22  **complaint in accordance with this order within the designated time will result in the Court**

23  **dismissing the amended complaint without prejudice for failure to state a cognizable claim**

24  **under 42 U.S.C. § 1983.**

25         2.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

26  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

27  of Change of Address."

28  ///

Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.03\Piercedwlta2                              5

1   Plaintiff must comply with the Court's orders in a timely fashion or ask for an extension of time

2   to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of

3   Civil Procedure 41(b).

4        IT IS SO ORDERED.

5   DATED:  4/30/08

6                                              JEREMY FOGEL
                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28