NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON JAMES PIERCE, | ) | No. C 03-04934 JF (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| v. | ) ) ) | |
| JEANNE S. WOODFORD, et al., | ) ) | |
| Defendants. | ) ) | (Docket No. 114) |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis. (See Docket No. 32.) The Court initially dismissed the complaint with leave to amend. Plaintiff filed an amended complaint which was again dismissed with leave to amend. Plaintiff has filed numerous notices and documents with the Court concerning his claims. As stated in the Court's previous orders, any documentation that Plaintiff wishes the Court to consider regarding his claims must be filed in Plaintiff's amended complaint. The Court now reviews the second amended complaint ("Amended Complaint") as to Plaintiff's claim concerning his medical care and treatment at the Correctional Training Facility in Soledad, California ("CTF") pursuant to 28 U.S.C. § 1915.

///

# DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

B.   Plaintiff's Claim

Plaintiff alleges that CTF prison officials failed to provide adequate medical care and treatment for his hernia condition and Hepatitis C Virus. (Amended Compl. 3.) Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th

1  Cir. 1986). A determination of "deliberate indifference" involves an examination of two
2  elements: the seriousness of the prisoner's medical need and the nature of the defendant's
3  response to that need. McGuckin, 974 F.2d at 1059.
4       Plaintiff names Defendant Drs. N. Luca, Clive Robertson, Sinna, and Grewal, all CTF
5  prison officials, for their varying diagnosis of his condition and failure to order an operation and
6  therapy. (Amended Compl. 3.) Plaintiff alleges that Defendant Luca stated Plaintiff had a
7  hernia and at another time did not have a hernia. (Id.) Plaintiff alleges that Defendant Robertson
8  stated that he had a hernia which did not require an operation. (Id.) Plaintiff alleges that
9  Defendant Sinna diagnosed a hernia and arthritis but did not order an operation or therapy. (Id.)
10  Plaintiff alleges that Dr. Grewal stated that Plaintiff "with hernia and arthritis was not an
11  American[] with Disabilities Act Inmate." (Id.) In his attached declaration, Plaintiff states that
12  he has not been receiving the physical therapy and medication which was ordered by Dr. Diana
13  Bui, who is not named as a defendant in this action. (Pl.'s Decl.) Plaintiff states that "the reason
14  I disagree[s] with medication and treatments is medication is not strong enough and I am not
15  receiving treatment I need." (Id.) Plaintiff also alleges that he is not receiving proper treatment
16  for his Hepatitis C Virus. (Id.) Plaintiff asserts that he is in constant pain. (Id.) Liberally
17  construed, Plaintiff's claims are cognizable under § 1983. See Estelle v. Gamble, 429 U.S. at
18  104.
19  C.    Defendants Woodford, Hamlet and Galgano
20       Plaintiff has failed to allege any connection between the Defendants Jim Hamlet, CTF
21  Warden, and Jeanne Woodford, Director of the California Department of Corrections, to his
22  medical claim. Plaintiff is cautioned that there is no respondeat superior liability under Section
23  1983, *i.e.*, no liability under the theory that one is responsible for the actions or omissions of an
24  employee. Liability under Section 1983 arises only upon a showing of personal participation by
25  the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable
26  under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation
27  or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
28  constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)

(en banc) (citation omitted).

Plaintiff has also failed to allege any facts against Lucia Galgano as a supervisor for the Ventura County Parole Office to show that Galgano had a duty or authority to obtain medical treatment for an inmate, which Plaintiff was at the time he filed the instant complaint. See Leer, 844 F.2d at 633.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Defendants Jeanne S. Woodford, Jim Hamlet and Lucia Galgano are DISMISSED from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Defendant Drs. N. Luca, Clive Robertson, Sinna, and Grewal** at **the California Training Facility in Soledad, California.** The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of**

**the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

>in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 114) is DENIED as moot.  Plaintiff has already been granted in forma pauperis status in a previous order.  (See Docket No. 32.)

This order terminates Docket No. 114.

IT IS SO ORDERED.

1  DATED: 8/18/08

/s/ Jeremy Fogel
JEREMY FOGEL
United States District Judge

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Service
P:\PRO-SE\SJ.JF\CR.03\Pierce4934.service.wpd          7